## Olwell v. Rapp, Appellant.

Argued October 7, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, PARKER, JAMES and RHODES, JJ.

*J. Rouse Burns,* with him *Robert C. Kitchen,* for appellant.

*Howard R. Detweiler,* of *Detweiler & Detweiler,* for appellee.

PER CURIAM, November 20, 1935:

The plaintiff, a pedestrian, was struck by the defendant's automobile, driven by defendant's son, on the defendant's business. There was evidence from which the jury might find that the accident was due to the negligence of the driver of the automobile. Plaintiff's body and lower right leg were unquestionably injured and he sustained substantial damages in consequence.

We will not reverse a judgment, entered upon a verdict for a reasonable amount, and grant a new trial merely because the plaintiff, on the trial, testified that his leg had been kept in *bandages* by his physician for four weeks, while the attending surgeon testified that it was in a *cast* for that length of time. That is the only ground for a new trial urged upon us. If the leg was severely injured, the variance in the testimony, as to the treatment accorded it, is not very material.

The evidence clearly established that plaintiff was severely hurt and confined to the house for about six weeks because of an injured leg resulting from an accident for which defendant was responsible, and was sufficient to sustain the verdict.

Judgment affirmed.